NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-82

ANDREW THIBAUDEAU

vs.

DENISE REIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Andrew Thibaudeau, brought a complaint against the defendant, Denise Reis, alleging negligence (count I), gross negligence (count II), defamation/libel (count III), intentional infliction of emotional distress (count IV), and negligent infliction of emotional distress (count V). Upon motion, the judge dismissed all counts but for count IV, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). A bench trial in the Superior Court was held as to count IV, where the parties waived detailed written findings of fact and rulings of law pursuant to Rule 20 of the Rules of the Superior Court (2023). Following the trial, the judge issued a finding in plaintiff's favor and, in so doing, answered special questions on each element of the claim. The defendant now appeals, arguing that the judge erred by finding that the

plaintiff satisfied the elements of his claim for intentional infliction of emotional distress.  Plaintiff cross-appeals arguing that the motion judge erred in dismissing counts I-III and V.  We affirm the judgment in all respects.

Standard of review.  "Pursuant to rule 20 (2) (h), the parties waived their right to a jury trial and to detailed written findings of fact and rulings of law" (quotation omitted).  K & K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023).  "Accordingly, appellate review is conducted according to the same standard as that applied to a judgment entered following a jury verdict."  Id., citing Rule 20 (8) (b) of the Rules of the Superior Court (2018).  "We therefore review to determine whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the prevailing party" (quotation and citation omitted).  K & K Dev., Inc., supra.

Background.  The conduct forming the basis of the plaintiff's claim for intentional infliction of emotional distress was the defendant's non-consensual acts of sharing an unflattering nude photograph of the plaintiff and surreptitiously accessing the plaintiff's personal email, Google, and Facebook accounts.

At trial, the defendant testified that she took the nude photograph of the plaintiff (photo) on her cell phone when she and the plaintiff were living together as a couple and that they both laughed at the photo because it was unflattering. The defendant further stated that she only showed the photograph to her friend, Amy Gallinelli, while they were sitting alone at a public bar after she and the plaintiff had broken up. She testified that the purpose of showing Gallinelli the photo was to confide in her and to have a laugh. The defendant also admitted that she sent Gallinelli an electronic copy of the photo on multiple occasions. On one of these occasions, the defendant decided to send Gallinelli the photo to "cheer her up" after Gallinelli had experienced a breakup of her own, and to express the sentiment that "it could be worse." On another occasion, the defendant testified that she set the nude photo as the plaintiff's contact picture on her cell phone and then shared the contact profile with Gallinelli. The defendant could not recall whether she told Gallinelli not to share the photo with anyone else but felt like they had an "unspoken" agreement that her friend would not share the photo with others.

The defendant also readily admitted that she accessed the plaintiff's email, Facebook, and Google accounts without his permission. In so doing, the defendant read the plaintiff's emails and private messages on Facebook, operated his Facebook

3

account, and viewed and deleted some of his photos. In fact, the defendant sent one text message to Gallinelli detailing her use of the plaintiff's Facebook account to "unblock herself," and sent another text to Gallinelli stating "[h]e [the plaintiff] finally realized that I had accessed his google accounts though because he changed his password. And now I can't get in[to] his email, photos, etc." She subsequently remarked that "it was about time he [the plaintiff] noticed" that she had access to his accounts because she deleted some of the plaintiff's personal photos "weeks ago."

Contrary to the defendant's testimony, Gallinelli testified that the defendant first showed her the photo at Gallinelli's home and then showed the photo again to herself and a group of four or five mutual friends when they were at a local bar. Gallinelli also testified that the photo was shared with multiple people at Gallinelli's home during social gatherings. Gallinelli further testified that she told other friends that she had a copy of the photograph, and that "everybody knew about it," referring to her mutual friend group with the plaintiff. Additionally, although Gallinelli is unsure whether she told anyone that the defendant had access to the plaintiff's online accounts, Gallinelli did confront at least one of the plaintiff's mutual friends about certain Facebook messages on the plaintiff's account that the defendant shared with her.

The plaintiff's friend, Brian Correria, testified that he learned about the existence of the photo from his girlfriend, who is in the same social circle as the defendant, and immediately notified the plaintiff. Correria stated that after learning about the photo, the plaintiff began to socialize less frequently. Likewise, the plaintiff testified that due to the photo being shared and the defendant's interference with his online accounts, he tended to "stay away as much as possible" from local social gatherings and has experienced considerable mental anguish and difficulty sleeping. The plaintiff expressed concern about the defendant's actions affecting his employment due to the possibility that the defendant might still possess and share his personal information or other photos. The plaintiff further stated that he has no recollection of the photo being taken and did not give the defendant permission to take the photo.

1. Count IV. To prevail on a claim for intentional infliction of emotional distress, a plaintiff must show

> "(1) that the defendant intended to cause, or should have known that [their] conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress. To be considered extreme and outrageous, the defendant's conduct must be beyond all bounds of decency and . . . utterly intolerable in a civilized community. Liability cannot be founded upon mere insults, threats, or annoyances" (citation omitted).

5

Howcroft v. Peabody, 51 Mass. App. Ct. 573, 596 (2001).

As indicated supra, we must only consider "whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotation and citation omitted). K & K Dev., Inc., 103 Mass. App. Ct. at 344. Weighing the evidence and assessing the credibility of witnesses are matters for the trial judge that we do not engage in on appellate review. See Millenium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636-637 (2010) (trial judge as fact finder is "in the best position to assess the credibility of witnesses and to determine the facts"). Here, the judge could reasonably conclude from the totality of the evidence that the defendant should have at least known that her decision to share an unflattering nude photograph of the plaintiff with multiple people in their small community and to access the plaintiff's online accounts and personal photos without his permission would cause him emotional distress. See Howcroft, 51 Mass. App. Ct. at 596. Additionally, sharing an explicit photograph of another person without their consent is the type of conduct that has been recognized as "extreme and outrageous." See Bowman v. Heller, 420 Mass. 517, 522 n.6 (1995) (upholding judge's determination that employee's decision to distribute photocopies of employer's face superimposed on

6

nude model's body was extreme and outrageous).  Finally, given the uncontroverted testimony regarding the plaintiff's mental anguish leading him, inter alia, to avoid socializing in his hometown, the judge's determination that the defendant's conduct caused the plaintiff severe emotional distress was reasonable and supported by the record.  Howcroft, supra.

Accordingly, the judge did not err in finding the defendant liable under count IV.

2.  Plaintiff's cross-appeal.  In his cross-appeal, the plaintiff argues that the judge erred in dismissing his negligence claims (counts I, II, & V) on the basis that there is no "legally cognizable duty between parties in a dating relationship" because the conduct alleged in the complaint occurred after the termination of the relationship between the parties.  He further argues that the judge erred in dismissing his defamation/libel claim (count III) because, contrary to the judge's conclusion, the photo contained information identifying the plaintiff as the person depicted in it.  These arguments are unavailing.

First, while the plaintiff avers that the judge relied on an incorrect ground to dismiss his negligence claims, he fails to argue that a duty of care existed between himself and the defendant sufficient to sustain his negligence claims, and he cites no case law supporting this proposition.  Second, the

7

judge dismissed the plaintiff's claim for defamation/libel (count III) because his complaint failed to identify any defamatory or false statements that were the cause of his damages.  While the plaintiff now relies on the defendant's testimony at trial to support his argument that the photo did contain information identifying the plaintiff, he fails to argue why the photo was defamatory or libelous or cite any case law to that effect.  As such, the judge did not err in dismissing counts I-III and count V.

<u>Judgment affirmed</u>.

By the Court (Desmond, Walsh & Toone, JJ.[1]),

Clerk

Entered:  January 15, 2025.

---

[1] The panelists are listed in order of seniority.